IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RAY DONOVAN NEVELS,**

    **Plaintiff,**

vs.                                          **CASE NO. 4:06cv541-RH/WCS**

**CAPITOL ONE AUTO FINANCES,
INC., et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has submitted a civil rights complaint, doc. 1, a motion seeking leave to proceed *in forma pauperis*, doc. 2, a prisoner consent form and financial certificate, doc. 3, and an affidavit of indigence, doc. 4. Prior to issuing a ruling on the *in forma pauperis* motion and before attempting to determine whether Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a cursory review has been made of the complaint, doc. 4, and the multitude of exhibits.

Plaintiff is complaining about events which allegedly transpired in Sarasota, Florida. Nearly all of the Defendants named in this case are located in Sarasota, although a few of the Defendants are in Venice, Port Charlotte, Melbourne Beach,

Florida, and one in Plano, Texas.  None of the Defendants are located within the territorial jurisdiction of the Northern District of Florida and, correspondingly, none of the actions complained of took place in this district.  Doc. 1.

Congress specified in 28 U.S.C. § 1391 that in a civil case where "jurisdiction is not founded solely on diversity of citizenship," the case may be brought (1) in a judicial district "where any defendant resides, if all defendants reside in the same State," or (2) a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The statute does not provide for venue based on where the Plaintiff resides.  Thus, there is no basis for venue in the Northern District of Florida and this action must be transferred.

The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Tampa Division.  The majority of Defendants are within Sarasota County and, hence, the events about which Plaintiff complains took place there.[1]  Transferring this action is in the interest of justice so that this case may move forward expeditiously.

A federal district court has authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The issue of defective venue may be raised *sua sponte* and transferred without a hearing.  Lipofsky

---

[1] It appears from the stamp on the front page of each docket entry that Plaintiff attempted to initially file this case in the Middle District.  It is unknown why the case was not filed there as jurisdiction clearly exists in that District.

Case No. 4:06cv541-RH/WCS

<u>v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). It is recommended that this action be transferred rather than dismissed. It is further recommended that the Middle District of Florida make the determination as to whether or not Plaintiff is entitled to proceed *in forma pauperis*.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 6, 2006.

 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**